UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| THI of South Carolina at Magnolia Manor-Inman, LLC *doing business as* Magnolia Manor-Inman,<br><br>Plaintiff,<br><br>v.<br><br>Eddie M. Gilbert, *Individually and as Personal Representative of the Estate of* Gertrude F. Gilbert,<br><br>Defendant. | C/A No.: 7:13-cv-02929-GRA<br><br>**ORDER** |

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, and for Fees and Costs. ECF No. 13. As the motion has been fully briefed, this Court will dispense with a hearing. *See* Local Civil Rule 7.08 DSC. For the reasons discussed herein, this Court DENIES Plaintiff's motion.

## Background

In July 2013, Defendant Eddie M. Gilbert ("Mr. Gilbert"), individually and as the personal representative of the estate of his deceased mother, Gertrude F. Gilbert, filed suit against Plaintiff THI of South Carolina at Magnolia Manor-Inman, LLC d/b/a Magnolia Manor-Inman ("Magnolia Manor-Inman") in the Court of Common Pleas of the Seventh Judicial Circuit, County of Spartanburg, South Carolina (the "State Court Action") alleging injuries and wrongful death resulting from the nursing home facility's negligence and reckless care and treatment of Ms. Gilbert. ECF No. 1-2. On August

15, 2013, Magnolia Manor-Inman filed a Motion to Stay Proceedings in the State Court Action. ECF Nos. 13-3 & 14-9. On September 26, 2013, Mr. Gilbert filed a Motion to Determine the Enforceability of the Alleged Arbitration Clause in the State Court Action. ECF Nos. 13-4 & 14-13.

On October 25, 2013, Magnolia Manor-Inman, pursuant to § 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, filed a Complaint to Compel Arbitration and Stay State Court Proceedings ("the Federal Court Complaint") in this Court, ECF No. 1, which was served on Mr. Gilbert on January 14, 2014, ECF No. 7. On January 21, 2014, in the State Court Action, Mr. Gilbert filed a Memorandum in Opposition to [Magnolia Manor-Inman's] Motion to Stay Proceedings, ECF Nos. 13-6 at 2–16 & 14-16 at 1–15, and Magnolia Manor-Inman filed a Memorandum in Support of its Motion to Stay and in Opposition to [Mr. Gilbert's] Motion to Determine Enforceability of Arbitration Clause, ECF Nos. 13-8 at 2–11 & 14-17 at 1–10. On January 22, 2014, a hearing was held in the State Court Action on Magnolia Manor-Inman's Motion to Stay the State Court Action and Mr. Gilbert's Motion to Determine Enforceability of Arbitration Clause, and the State Court Judge took both matters under advisement. ECF Nos. 13-1 at 6 & 14-18. On February 3, 2014, Mr. Gilbert filed his Answer and First Motion to Dismiss the Federal Court Complaint in this Court. ECF Nos. 10 & 11.

Subsequently, Magnolia Manor-Inman filed the instant motion on February 5, 2014 asking this Court, pursuant to the All Writs Act, 28 U.S.C. § 1651, or in the alternative, under Fed. R. Civ. P. 65, for

> a temporary restraining order and preliminary injunction against Defendant Eddie Gilbert, his counsel, Poliakoff & Associates, P.C., and anyone acting in concert with them, to (1) cease and refrain from attempting to litigate (including, but not limited to, seeking discovery

> regarding) any issues relating to the enforceability of the parties' arbitration provision, which is subject of Plaintiff's complaint in the above-captioned action before this Court (ECF #1), in the Court of Common Pleas of the Seventh Judicial Circuit, County of Spartanburg, South Carolina in *Gilbert v. Fundamental Clinical and Operational Services, LLC et al.*, C.A. No. 2013-CP-42-2754 ("State Court Action") or in any other forum; (2) withdraw Defendant's "Motion to Determine Enforceability of Alleged Arbitration Clause" that Defendant filed in the State Court Action; (3) withdraw portions of Defendant's "Memorandum In Opposition to Defendant THI of South Carolina at Magnolia Manor-Inman's Motion to Stay Proceedings" filed in the State Court Action that challenge or address in any way the validity or enforcement of the parties' arbitration provision; and (4) withdraw discovery requests directed to the arbitration provision which Defendant propounded on Plaintiff in the State Court Action on January 20, 2014.

ECF No. 13 at 1–2. On February 21, 2014, Mr. Gilbert filed his Response in Opposition. ECF No. 14. Magnolia Manor-Inman filed a reply brief in support of its motion on March 3, 2014. ECF No. 18.

## Discussion

Magnolia Manor-Inman argues that Mr. Gilbert must be restrained from litigating in the State Court Action any issues or defenses related to the enforceability of the arbitration agreement. ECF No. 13-1 at 2 n.1. Mr. Gilbert counters that granting the requested injunctive relief "would violate principles of comity, judicial efficiency, federalism, and equity." ECF No. 14 at 4.

The All Writs Act provides that a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. "A court's authority under the All Writs Act is nowhere more limited than when it is asked to enjoin a proceeding in state court." *United States v. Purdue Frederick Co.*, 963 F. Supp. 2d 561, 567 (W.D. Va. 2013). Thus, relief under the All Writs Act is subject to the limitations set forth in the Anti-

Injunction Act, which creates a baseline rule that federal courts are prohibited from enjoining state court proceedings, unless the injunction falls within one of three specifically delineated exceptions:

(1) the injunction is "expressly authorized by Act of Congress";

(2) the injunction is "necessary in aid of [the court's] jurisdiction"; or

(3) the injunction is necessary "to protect or effectuate [the court's] judgments."

28 U.S.C. § 2283; *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970); *see Hartsville Theatres, Inc. v. Fox*, 324 F. Supp. 258, 261 (D.S.C. 1971) ("This 'clear cut' statutory prohibition . . . is more than a mere statement of a principle of comity; it represents a binding rule on the power of the federal courts, a rule which may not be ignored . . . ."). These three exceptions have been narrowly construed and "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line*, 398 U.S. at 297.

Although the All Writs Act, 28 U.S.C. § 1651(a), confers "extraordinary powers" upon federal courts by authorizing them to enjoin parallel state court proceedings that threaten their jurisdiction, the language of the All Writs Act closely resembles that of the Anti-Injunction Act's second exception, and thus courts construe the two similarly. *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1203 (7th Cir. 1996). Therefore, given the strong prohibitions laid out in the Anti-Injunction Act, the Supreme Court has cautioned that courts should use the All Writs Act "sparingly and only in the most critical and exigent circumstances." *Wis. Right to Life, Inc. v. Fed. Election Comm'n*,

542 U.S. 1305, 1306 (2004). Furthermore, "[p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme Court]." *Atl. Coast Line*, 398 U.S. at 287.

With respect to the "in aid of jurisdiction" exception, on which Magnolia Manor-Inman primarily bases its argument, courts should only invoke this exception when "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Id*. at 295 (emphasizing that in situations where federal and state courts have concurrent jurisdiction the fact that the state court could potentially rule first is not enough to require an injunction); *see also Stifel, Nicolaus & Co. v. Woolsey & Co.*, 43 F.3d 1483, at *2 (10th Cir. 1994) (unpublished table decision) ("The potential of preclusion by the state action, however, is not the type of threat to the federal court's jurisdiction envisioned by the [Anti-Injunction Act]."); *Texas v. United States*, 837 F.2d 184, 186 n.4 (5th Cir. 1988) (holding that the "aid of jurisdiction" exception may not "be invoked merely because of the prospect that a concurrent state proceeding might result in a judgment inconsistent with the federal court's decision"), *cert. denied*, 488 U.S. 821 (1988). Courts have historically understood this exception "to apply most often when a federal court was the first in obtaining jurisdiction over a *res* in an *in rem* action and the same federal court seeks to enjoin suits in state courts involving the same *res*." *In re Am. Honda Motor Co., Dealership Relations Litig.*, 315 F.3d 417, 439 (4th Cir. 2003); *see also Roth v. Bank of the Commonwealth*, 583 F.2d 527, 535 (6th Cir. 1978) (citing *Kline v. Burke*

*Constr. Co.*, 260 U.S. 226, 230 (1922)) ("*in personam* actions in federal and state court may proceed concurrently, without interference from either court"); *Niemczyk v. Coleco Indus., Inc.*, 581 F. Supp. 717, 718 (N.D.N.Y. 1984) ("it is equally well established that a state court cannot enjoin a *person* or corporation from prosecuting an *in personam* action in a federal court which has jurisdiction over the parties and subject matter"). "Unlike in personam actions, in which state and federal courts may separately impose judgments and obligations on litigants, the imposition of conflicting obligations on property is impossible to administer, necessitating that only one court decide the appropriate allocation of rights with regard to that property." *Purdue Frederick*, 963 F. Supp. 2d at 572. However, the Fourth Circuit has determined that this exception can be appropriately used in "school desegregation cases," and in complex, "multi-district litigation." *In re Am. Honda Motor Co.*, 315 F.3d at 439–40.

Magnolia Manor-Inman asserts that, absent an injunction, the state court could potentially—before this Court has a chance to rule on the petition for arbitration—make rulings that "the arbitration provision is unenforceable." ECF No. 13-1 at 18. Thus, Magnolia Manor-Inman asserts that an injunction is necessary to preserve its choice of a federal forum to compel arbitration. However, in the State Court Action, the judge has taken both parties' motions under advisement, and "[w]ithout, at the very least, some evidence that the state court [is] indifferent to or hostile to the parties' rights," this Court finds that "the extraordinary remedy of an injunction . . . is not authorized by the "in aid of jurisdiction" exception. *Zurich Am. Ins. Co. v. Super. Ct. for Cal.*, 326 F.3d 816, 827 (7th Cir. 2002). Magnolia Manor-Inman's motion fails to show the "critical and exigent circumstances" that warrant a federal court enjoining

a state court proceeding. *Wis. Right to Life, Inc.*, 542 U.S. at 1306; *see also TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1297 (11th Cir. 1998) (finding that the "aid of jurisdiction" exception cannot apply in situations where "no court has found the underlying dispute arbitrable and compelled the parties to arbitrate their claims").

Here, both this action and the State Court Action are *in personam* actions. Moreover, as indicated in this Court's previous Order denying Defendant's Motion to Dismiss, Mr. Gilbert's pending Motion to Determine Enforceability of Arbitration Clause in the State Court Action does not create duplicative litigation. ECF No. 21. Thus, the question of whether to compel arbitration is not an issue in the State Court Action because Magnolia Manor-Inman has not moved to compel arbitration in that forum. Rather, the issue of whether Mr. Gilbert is required to arbitrate his dispute with Magnolia Manor-Inman is solely a matter for this Court to decide. Furthermore, no state or federal court has made a determination as to the arbitrability of the underlying dispute between Mr. Gilbert and Magnolia Manor-Inman or compelled the parties to arbitrate their claims. Therefore, the Anti-Injunction Act precludes this Court from enjoining Mr. Gilbert's pursuit of the State Court Action.[1] As a result, it is not necessary for this Court to analyze the factors governing the issuance of a preliminary injunction set forth in Magnolia Manor-Inman's request for injunctive relief under Fed. R. Civ. P. 65.

---

[1] It is possible, however, that in the future course of this litigation, a situation will arise that meets one of the exceptions enunciated in 28 U.S.C. § 2283 and that the Court will then gain authority to issue an injunction.

## **Conclusion**

Accordingly, for the foregoing reasons, Plaintiff is not entitled to injunctive relief under Fed. R. Civ. P. 65 or the All Writs Act.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and for Fees and Costs is DENIED.

**IT IS SO ORDERED**.

G. Ross Anderson, Jr.
Senior United States District Judge

April  9 , 2014
Anderson, South Carolina