IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| THI of South Carolina at Magnolia Manor-Inman, LLC d/b/a Magnolia Manor-Inman,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Eddie M. Gilbert Individually and as Personal Representative of the Estate of Gertrude F. Gilbert,<br><br>　　　　　　　　　Defendant. | Civil Action No.: 7:13-2929-BHH<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Kevin F. McDonald (ECF No. 65). In accordance with 28 U.S.C. § 636, Local Civil Rule 73.02(B)(1) D.S.C., and an order of reference issued by the undersigned, the plaintiff's motion to compel arbitration and stay court proceedings (ECF No. 17) was referred to Magistrate Judge McDonald for a Report and Recommendation. On October 10, 2014, Magistrate Judge McDonald issued a Report and Recommendation recommending that the court order the defendant to arbitration and dismiss the case. (ECF No. 65.) On November 26, 2014, the plaintiff filed objections to the Report and Recommendation (ECF No. 71), and the defendant filed a reply (ECF No. 75), on December 29, 2014.

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination

of those portions of the Report and Recommendation (the "Report") to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the agistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

The magistrate judge prepared an extensive and detailed Report recommending the plaintiff's motion be granted in part and denied in part. (ECF No. 65.) The magistrate judge concluded that the defendant should be ordered to arbitrate its dispute against the plaintiff, but that the underlying state court action could not be stayed.

The defendant has made numerous objections, some of them fresh while others renewed from its original response. The Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

The defendant has raised the applicability of recent South Carolina decisional law to argue against the conclusion that the South Carolina Department of Social Services ("DSS") representative, Phebe Crosland, could have ever bound Gertrude Gilbert or her estate by the arbitration provision at issue in this case. *See Coleman v. Mariner Health Care, Inc.*, 755 S.E.2d 450 (S.C. 2013); *Dean v. Heritage Healthcare of Ridgeway*, 759

S.E.2d 727, 731 n.4 & 736 n.13 (S.C. 2014). The Court has spent considerable time with those decisions out of a real concern that a person without capacity could ever be said to bind the forum of future litigation and dispute resolution. The offered decisions are simply distinguishable from this case in a way that does not disturb the magistrate judge's recommendation.

First, as the defendant counters and the magistrate judge found, the issue of whether Crosland was authorized to sign on Gilbert's behalf is simply not relevant. Gilbert (and now her Estate) was independently bound by the terms of the arbitration provision, at issue, pursuant to the third-party beneficiary doctrine and equitable estoppel. (ECF No. 65 at 5 n.3); *THI of S.C. at Columbia, LLC v. Wiggins*, C/A No. 3:11-888-CMC, 2011 WL 4089435, at *6 n.13 (D.S.C. Sept. 13, 2011) (declining to consider whether a nursing-home resident's family member had statutory or apparent authority to bind the resident to the same Arbitration Provision for the same reason). Accordingly, the matter of binding authority need not be resolved.

Second, *Coleman* and *Dean*, relied upon by the defendant, are inapposite. The arbitration agreement, in *Coleman*, was separate from the admissions agreement. *Coleman*, 755 S.E.2d at 454. And, admission to the nursing facility, in that case, was not contingent on assent to the freestanding arbitration agreement. *Id*. Execution of the arbitration agreement was voluntary. *Id*. The signatory for the nursing-home admittee had authority to bind for healthcare decisions,[1] but because admission to the nursing home for

---

[1] Gilbert was in Department of Social Services' legal custody because a family court had deemed her a "vulnerable adult" under the South Carolina Omnibus Adult Protection Act ("APA"). (Buckner Decl., Ex. E.) The defendant does not dispute that the APA empowered Crosland to execute the Admission Contract to admit Gilbert to the facility. (See ECF No. 36 at 6 & n.4 (quoting ECF No. 36-1, Ex. D).)

health related needs was not contingent upon execution of the arbitration agreement, it could not be said that the signatory had any authority to bind the admittee as to the separate, voluntary arbitration agreement. *Id*.

In this case, the admission agreement *contained* the arbitration provision. So the distinction identified by the South Carolina Supreme Court, in a signatory's authority to execute some separate non-essential legal waiver, is simply not implicated by the facts here, such that *Coleman* governs.

Likewise, *Coleman's* "rejection" of an estoppel argument was related to whether the two agreements, admissions and arbitration, should be considered as merged under such a theory. That is not how the doctrine was applied by the magistrate judge here or in cases like *Wiggins*, 2011 WL 4089435, at *6. Rather, the magistrate judge recognized that the benefits of admission should operate to stop the defendant from rejecting arbitration now; merger was not at issue.

Any objection the defendant has to the magistrate judge's reliance on *McCutcheon v. THI of S.C. at Charleston*, LLC, No. 2:11-CV-02861, 2011 WL 6318575 (D.S.C. Dec. 15, 2011), is also unfounded. The Court has reviewed the entire decision and the objections of the plaintiff and the magistrate judge properly applied third-party beneficiary and equitable estoppel law. The magistrate judge also recognized the obligation to, and did, apply South Carolina law. It just so happens the South Carolina authority relied upon by the defendant is inapplicable.

The remainder of the defendant's objections have sufficiently been treated in the recommendation, adopted fully herein. The Court would say briefly a little more concerning some of them, however.

The defendant also objects that the arbitration provision in this case can apply to

a wrongful death claim brought by individuals who were not "parties" to the admission agreement. (Dkt. No. 71 at 10-14.)  As far as the Court can tell (see ECF No. 1-2 (State Court Complaint), however, the plaintiff has not brought a wrongful death action, pursuant to S.C. Code §§ 15–51–10, 15–51–20, for the benefit of individuals heirs; the claims are on behalf of the estate.  *See Dickey v. Clarke Nursing Home,* 2007 WL 8325995, at *2 (S.C. Ct. App. Feb. 23, 2007) (citing *Lester v. McFaddon*, 415 F.2d 1101, 1103 (4th Cir.1969)).  Accordingly, any argument against the applicability of the arbitration provision based on the presence of a wrongful death action is ineffective.

Additionally, the South Carolina Supreme Court made clear in *Dean* that, under South Carolina law, an arbitral agreement is still indeed binding on a decedent's estate for a claim in wrongful death.  *See Dean*, 759 S.E.2d at 731 n.3. ("We note that courts may not refuse to compel arbitration simply because a wrongful death claim is involved." (citing *Marmet Health Care Ctr., Inc. v. Brown*, 132 S. Ct. 1201, 1203-04 (2012) (per curiam)).

The plaintiff's objections related to unconscionability and the procedural machinations of the execution of the agreement were properly considered by the magistrate judge and otherwise without any additional merit as presented on objection.

## **CONCLUSION**

After a careful review of the record, the applicable law, and the objections of the defendant, the Report and Recommendation is adopted and incorporated herein by specific reference.  The plaintiffs' motion for to compel arbitration and stay the case (ECF No. 17) is GRANTED in part and DENIED in part. Specifically, the Court would ORDER arbitration, in accord with the binding provision at issue in this case, but would not order any stay of the underlying state court proceeding.[2]  The case is hereby dismissed.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

March 19, 2015
Greenville, South Carolina

---

[2] The plaintiff has not objected to the magistrate judge's recommendation in this respect that the underlying action cannot be enjoined.

-6-